IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JONATHAN LEE RICHES**,

    Plaintiff,

v.                                                 Civil Action No. **3:07CV434**

**MICHAEL VICK**,

    Defendant.

**MEMORANDUM ORDER**

Plaintiff, a federal inmate, has submitted this action. He also has applied to proceed *in forma pauperis*.

In conformity with the Prison Litigation Reform Act of 1995, it is ORDERED that:

1.     This action is CONDITIONALLY docketed.

2.     Within thirty (30) days from the date of entry hereof, Plaintiff must submit his statement under oath or under penalty of perjury that:

      (A)     Identifies the nature of the action;
      (B)     States his belief that he is entitled to relief;
      (C)     Avers that he is unable to prepay fees or give security therefor; and,
      (D)     Includes a statement of the assets he possesses, which must include the current balance in his inmate hold account.

The Court is forwarding to Plaintiff an affidavit for compliance with the above procedures. Failure to complete the affidavit **in its entirety will result in summary dismissal of the action.**

3.     The Clerk shall obtain a certified copy of Plaintiff's trust fund account for the six (6) month period immediately preceding the initiation of this action.

4. Plaintiff must affirm his intention to pay the entire $350.00 filing fee. Accordingly, he is required to read, sign, and return to the Court the enclosed consent to collection of fees form within thirty (30) days of the date of entry hereof.

5. Failure to comply strictly with any of the above time requirements will result in summary dismissal of the action. *See* Fed. R. Civ. P. 41(b).

6. Plaintiff need not comply with paragraphs 1 through 5 if he submits the full $350.00 filing fee **and** withdraws his request to proceed *in forma pauperis* within thirty (30) days of the date of entry hereof.

7. Plaintiff has moved for the appointment of counsel. In cases under 42 U.S.C § 1983, the Court need not appoint counsel unless the case presents complex issues or exceptional circumstances. *See Whisenant v. Yuam*, 739 f.2d 160, 163 (4th Cir. 1984). Plaintiff's action does not involve complex issues or exceptional circumstances. Accordingly, Plaintiff's motion for the appointment of counsel is DENIED WITHOUT PREJUDICE.

8. Plaintiff is prohibited from filing any other pleadings, motions, memoranda, or materials not specifically required herein or otherwise specifically ordered by the Court until he begins making payments on the filing fee. Any materials submitted in violation of this paragraph will not be considered. Accordingly, Plaintiff's motion for a temporary restraining order (Docket No. 2) is DENIED WITHOUT PREJUDICE.

9. Plaintiff must immediately advise the Court of his new address in the event that he is transferred, released, or otherwise relocated while the action is pending. **<u>FAILURE TO DO SO MAY RESULT IN DISMISSAL OF THE ACTION</u>**.

The Clerk is DIRECTED to send a copy of the Memorandum Order to Plaintiff.

It is so ORDERED.

/s/
M. Hannah Lauck
United States Magistrate Judge

Date: August 1, 2007
Richmond, Virginia